UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**COURTNEY SMITH**                           **CASE NO. 3:21-CV-03939**

**VERSUS**                                   **JUDGE TERRY A. DOUGHTY**

**COCA COLA BOTTLING CO. UNITED, INC.,**     **MAG. JUDGE KAYLA D. MCCLUSKY**
**ET AL.**

### MEMORANDUM ORDER

Before the undersigned is a motion to dismiss for failure to state a claim filed by Defendants Coca Cola Bottling Company United, Inc. ("Coca Cola") and ReliaStar Life Insurance Company ("Reliastar") (together, "Defendants"). Plaintiff Courtney Smith ("Plaintiff") did not file an opposition, and, thus, Defendants' motion to dismiss is unopposed.[1] For the reasons assigned below, it is recommended that Defendants' motion be granted in part and denied in part.

### I.    FACTUAL BACKGROUND

On October 11, 2020, Plaintiff's spouse, James Smith (the "Decedent"), was killed in an automobile accident. [doc. #2-2, p. 1]. At the time of his death, the Decedent was employed by Coca Cola and, through his employment, had a group life insurance plan (the Coca Cola Plan") which named Plaintiff as the beneficiary. *Id.* Plaintiff alleges that, "upon information and belief," the Decedent also purchased an individual policy from ReliaStar (the "ReliaStar Plan") which also named Plaintiff as the beneficiary. *Id.* According to Plaintiff, each policy included

---

[1] A party's failure to respond to a motion to dismiss deems the motion unopposed. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

$50,000 of basic benefit plus $50,000 of accidental death benefit, as well as interest from the date of the Decedent's death. *Id.* at 2.

Plaintiff claims that after the Decedent's death, Defendants paid one of the policies, but not the other.[2] *Id.* at 2. Accordingly, on October 11, 2021, Plaintiff filed suit against Defendants in the Fourth Judicial District Court for the Parish of Ouachita to recover the remaining benefits Plaintiff claims she is owed. [doc. #2-2]. In her state court Petition, Plaintiff asserts claims for breach of insurance contract, breach of employment contract, and breach of duty to take the steps necessary to enable Plaintiff to secure payment under the policies. *Id.* at 2-3.

On November 11, 2021, ReliaStar removed the suit to this Court on the basis of diversity jurisdiction, as well as federal question jurisdiction. [doc. #2, p. 2].

On December 9, 2021, Defendants filed the instant motion to dismiss in which they claim that the Decedent had only one life insurance policy – the Coca Cola Plan. [doc. #11-1, p. 2]. Defendants argue that Plaintiff's claims should be dismissed because they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* at 3. Alternatively, Defendant Coca Cola argues that, although it is the policyholder under the Coca Cola Plan, it plays no role in the revision or payment of life insurance claims, and, thus, all claims against it should be dismissed with prejudice.[3] [doc. #11-1, p. 6].

---

[2] Plaintiff does not indicate whether she received benefits from the Coca Cola Plan or the ReliaStar Plan.

[3] On December 20, 2021, Plaintiff filed a motion to dismiss Coca Cola *without* prejudice and certified that she had "consulted with counsel for all parties hereto and is authorized to state that [the] motion is unopposed." [doc. #13]. On December 21, 2021, Defendants responded to the motion and clarified that they had only consented to a motion dismissing Coca Cola *with* prejudice. [doc. #15]. Ultimately, Plaintiff's motion was stricken as deficient for failure to comply with Local Rule 10.1. [doc. #21].

Plaintiff did not file an opposition to the instant motion, despite having the opportunity to do so. Accordingly, this matter is ripe.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure allow dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To state a claim, the pleading must contain a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2). While the pleading need not assert detailed factual allegations, it must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible on its face "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663 (2009). To determine whether the plaintiff has stated a claim, the court is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint."[4] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010).

In deciding a motion to dismiss, the Court must accept as true all of the plaintiff's allegations, unless the allegation is a "threadbare recital[] of a cause of action's elements, supported by mere conclusory statements." *Id.* Although legal conclusions may be asserted, "they must be supported by factual allegations" to gain the assumption of truth. *Id.* at 664. A well-pleaded complaint may proceed even if it strikes the Court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, the

---

[4] Here, the Court considered the Coca Cola Plan which was referenced in Plaintiff's Complaint and central to her claim. Accordingly, this consideration does not transform the instant motion to dismiss into a motion for summary judgment.

Court may dismiss a complaint "if it clearly lacks merit – for example, where there is an absence of law to support a claim of the sort made." *Thurman v. Med. Transp. Mgmt., Inc.*, 982 F.3d 953, 956 (5th Cir. 2020) (citations and internal quotation omitted).

Although Plaintiff failed to file an opposition to the instant motion, "[t]he mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Watson v. U.S. ex rel. Lerma*, 285 Fed. App'x 140, 143 (5th Cir. 2008). Instead, the Fifth Circuit has held that a proper sanction for a failure to respond to a dispositive motion is for the Court to decide the motion on the papers before it. *Ramsay v. Bailey*, 531 F.2d 706, 709 n. 2 (5th Cir. 1976), *cert denied*, 429 U.S. 1107 (1977).

### III. ANALYSIS

*A. Whether Plaintiff's Claims Are Preempted by ERISA.*

Congress enacted ERISA to "'protect . . . the interests of participants in employee benefit plans and their beneficiaries.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)). ERISA provides "a uniform regulatory regime over employee benefit plans." *Aetna*, 542 U.S. at 208. This regime "includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation [is] 'exclusively a federal concern.'" *Id.* (quoting *Alessi v. Raybestos-Manhattan*, 451 U.S. 504, 523 (1981)).

There are two types of ERISA preemption: complete preemption under ERISA § 502, 29 U.S.C. 1332 and conflict preemption under ERISA § 514, 29 U.S.C. § 1144(a). *Haynes v. Prudential Health Care*, 313 F.3d 330, 333 (5th Cir. 2002). In this case, Defendants assert conflict preemption, which requires the Court to determine whether the Coca Cola Plan is governed by ERISA and if it is, whether Plaintiff's state law claims "relate to" the Coca Cola

Plan. *Woods v. Tex. Aggregates, LLC*, 459 F.3d 600, 602 (5th Cir. 2006). Because ERISA preemption is an affirmative defense, the defendant bears the burden of proof on all elements. *Bank of La. v. Aetna U.S. Healthcare, Inc.*, 468 F.3d 237, 242 (5th Cir. 2006). If the defendant successfully shows conflict preemption, the Court should dismiss the state law claims. *See Cardona v. Life Ins. Co. of N. Am.*, 09-CV-0833, 2009 WL 3199217, at *4 (N.D. Tex. Oct. 7, 2009).

As an initial matter, the undersigned need only determine whether the Coca Cola Plan is preempted by ERISA. In their motion to dismiss, Defendants attach what they contend is the only insurance policy issued to the Decedent. Although Plaintiff alleges "upon information and belief" that there is a second policy, she did not attach any such policy, identify it in any way, and failed to respond to Defendants' assertion that she is mistaken about the existence of a second policy. Because of her failure to respond, the undersigned finds that Plaintiff does not contest that she was mistaken as to the ReliaStar Plan and that the only policy at issue is the Coca Cola Plan. If Plaintiff does maintain the existence of the "individual" ReliaStar Plan, she will have the opportunity to file objections to this Report and Recommendation.

    i.    *Whether the Coca Cola Plan Is an ERISA Plan.*

The first determination the Court must make is whether the plan at issue is an ERISA "employee welfare benefit plan." *See McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000). A plan is an employee welfare benefit plan if it (1) exists; (2) does not fall within the safe-harbor exclusion; and (3) is established and maintained by an employer who intends to benefit employees. *Id.* (citing *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993)).

5

First, a plan exists if "a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Meredith*, 980 F.2d at 355 (citing *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982)). Here, the Coca Cola Plan clearly states that the benefit is that of life insurance, and that the intended beneficiary is whomever the employee with the life insurance designated. [doc. #11-2, p. 12]. Moreover, the Coca Cola Plan sets out a clear procedure for enrolling, naming a beneficiary, and making a claim. It also sets out the amount provided in benefits and explains what additional benefits employees may elect to add. *Id.* at 14. Thus, the Coca Cola Plan exists.

Second, a plan is not governed by ERISA if it falls under the safe-harbor exception promulgated by the Department of Labor. This exception applies if all four of the following criteria are met: (1) the employer does not contribute to the plan; (2) the participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer receives no profit from the plan. 29 C.F.R. §§ 2510.3-1(j)(1)-(4) (1992). Here, the safe-harbor exception does not apply. While it is not entirely clear whether the second or fourth prongs apply to the Coca Cola Plan, the first and third prongs do not apply. With regard to the first prong, the Coca Cola Plan is clear that Coca Cola contributes to the plan. Part of the Decedent's benefits were basic, noncontributory benefits, which were paid for by the employer. With regard to the third prong, the Coca Cola Plan shows that Coca Cola does more than collect and remit premiums to ReliaStar. Coca Cola provides forms for plan enrollment, beneficiary selection, and the claims process. It also provides information to ReliaStar about employee eligibility. Accordingly, the Coca Cola Plan is not subject to the safe-harbor exception.

Finally, a plan is governed by ERISA if it meets the definition of an ERISA "employee welfare benefit plan," as defined by 29 U.S.C. § 1002(1). *Meredith*, 980 F.2d at 355. An employee welfare benefit plan is one "which was . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise." 29 U.S.C. § 1002(1). Here, Coca Cola establishes and maintains the Coca Cola Plan. As an initial matter, Coca Cola is the policyholder and contributes, at least in part, to the Coca Cola Plan by paying premiums for noncontributory plans. *See Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 279 (5th Cir. 2008) ("[T]he purchase [of insurance] is evidence of the establishment of a plan.") (internal quotation and citation omitted). The Coca Cola Plan also indicates that Coca Cola provides employees with forms necessary to enroll, designate a beneficiary, and submit a claim and proof of loss, and also gives information to ReliaStar, when needed, to verify whether an employee is eligible for coverage. Moreover, the Coca Cola Plan shows that its purpose is to provide life insurance for its participants (Coca Cola employees) and their named beneficiaries through the purchase of life insurance. [doc. #11-12]. Thus, the Coca Cola Plan meets the definition of an employee welfare benefit plan under 29 U.S.C. § 1002(1).

Accordingly, because Defendants have shown that the Coca Cola Plan exists, is not subject to the safe-harbor exception, and meets the definition of an employee benefit welfare plan, the undersigned finds that the Coca Cola Plan at issue is an ERISA-governed plan.

ii.  *Whether the State Law Claims Relate to the Coca Cola Plan.*

Next, the Court must determine whether Plaintiff's state law claims "relate" to the Coca Cola Plan. *Woods*, 459 F.3d at 602. This involves a two-part inquiry: (1) whether the state law claims address areas of federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional

ERISA entities – that is, the employer, the plan and its fiduciaries, and the participants and their beneficiaries. *Id.*; *see also Mem. Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990).

First, Plaintiff's claims address the right to receive benefits under an ERISA plan. Although Plaintiff's claims are general state law breach of contract claims, this does not deem them unrelated to the Coca Cola Plan. *See Christopher v. Mobil Oil Corp.*, 95 F.2d 1209, 1218-19 (5th Cir. 1992) ("[P]reempted state law includes any state law cause of action as it relates to an employee benefit plan, even if it arises under a general law which in and of itself has no connection to employee benefit plans."). ERISA preemption "is not limited to state laws specifically designed to affect employee benefit plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (internal citations and quotations omitted). Rather, it need only "[have] a connection with or reference . . . such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). Plaintiff's breach of contract claims allege failure to adequately process and/or remit Plaintiff's allegedly owed benefits under the Coca Cola Plan and, thus, are preempted by § 514(a).[5] *See Pilot*, 481 U.S. at 48 (finding that Plaintiff's state law breach of contract claim was preempted under § 514(a) because it "alleged improper processing of a claim for benefits under an employee benefit plan").

Second, the claims directly affect the relationship between the employer, the plan and its fiduciaries, and the participants and their beneficiaries. Here, Plaintiff's claims involve three parties: (1) Plaintiff, the beneficiary under the Coca Cola Plan; (2) Coca Cola, the employer; and

---

[5] ERISA § 514(b)(2)(A) expressly states that state laws regulating insurance, banking, or securities are not preempted by ERISA. 29 U.S.C. § 1144(b)(2)(A). However, Plaintiff does not assert this exception, nor does the undersigned find that it applies.

8

(3) ReliaStar, the administrator of the Coca Cola Plan. The Fifth Circuit has explained that it is not enough for the parties to hold these roles in the abstract; rather, each party must fit that role with respect to the state law claims at issue. *See Bank of La.*, 468 F.3d at 244. Here, Plaintiff asserts claims in her role as the beneficiary, against the administrator and employer of the Coca Cola Plan for their roles as such. Accordingly, Plaintiff's claims directly affect the relationship between ERISA entities.

In sum, Defendants have shown that the Coca Cola Plan is governed by ERISA and that Plaintiff's claims relate to the Coca Cola Plan. Accordingly, the undersigned finds that Plaintiff's state law claims are preempted by ERISA, and it is recommended that Plaintiff's state law claims be dismissed with prejudice.

Although Plaintiff may have the right to bring a claim under ERISA, s*ee Burgos v. Grp. & Pension Admin., Inc.*, 286 F.Supp.2d 812, 819 (S.D. Tex. 2003), she has not moved to amend her Petition, responded to the instant motion, or taken any other action indicating that she wishes to pursue an ERISA claim.[6]

B. *Whether Plaintiff States a Cause of Action Against Coca Cola.*

Finally, Defendants assert that Plaintiff's claims against Coca Cola should be dismissed with prejudice because it is not a proper defendant under ERISA. However, based on this Report and Recommendation, the undersigned need not reach the merits of whether Coca Cola is a

---

[6] If Plaintiff does wish to pursue an ERISA claim, she will have the opportunity during the 14-day objection period to file objections, but she may also move to amend her Petition to assert such a claim.

9

proper defendant.[7] Accordingly, to the extent that Defendants seek dismissal against all claims against Coca Cola as an improper ERISA defendant, it is recommended that Defendants' motion be denied as moot.

## IV.    CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**.  To the extent that Defendants seek dismissal because of ERISA preemption, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED,** and Plaintiff's state law claims be **DISMISSED WITH PREJUDICE.**

To the extent that Defendants seek dismissal of claims against Coca Cola on an alternative basis, **IT IS FURTHER RECOMMENDED** that Defendants' motion be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS**

---

[7] Even if Court were to reach the merits of this argument, however, the undersigned would recommend denying it as premature.  It would not be appropriate to dismiss Coca Cola as an improper defendant under ERISA when Plaintiff has not yet asserted an ERISA claim.

10

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 14th day of April, 2022.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE